UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
MICHAEL ADAMOWICZ AND
ELIZABETH FRASER, INDIVIDUALLY
AND AS EXECUTORS OF THE ESTATE
OF MARY ADAMOWICZ, DECEASED,

      Petitioners,    MEMORANDUM AND ORDER

                CV 05-3828
                CV 05-3262
                CV 06-3449
                Misc. 06-120

  -against-         (Wexler, J.)

UNITED STATES OF AMERICA,

      Defendant.
----------------------------------------------------X

APPEARANCES:

  LAW OFFICES OF FREDERICK M. SEMBLER, PLLC
  BY: FREDERICK M. SEMBLER, ESQ.
  501 Madison Avenue 8th Floor
  New York, New York 10022
  Attorneys for Plaintiffs

  ROSLYNN R. MAUSKOPF, ESQ.
  UNITED STATES ATTORNEY
  BY: DIANE LEONARDO BECKMAN, ESQ.
  ASSISTANT UNITED STATES ATTORNEY
  Attorney for Defendant
  610 Federal Plaza 5th Floor
  Central Islip, New York 11722

WEXLER, J.

In these consolidated cases, Petitioners seek to quash a summons issued by the Internal Revenue Service ("IRS"). The summons at issue here has been issued in connection with the case docketed under number CV 06-3449. Defendant, United States of America (the

"Government") seeks dismissal of the petition to quash and enforcement of the summons. For the reasons set forth below, the petition is dismissed and the court orders enforcement.

## Background

This case involves the propriety of a summons issued by the IRS. Petitioners are the children and executors of the will of their mother, Mary Adamowizc (the "Deceased"), who died on March 2, 2002. The summons at issue in this action was issued to Marie Zere, as President of Zere Real Estate (the "Zere" Summons"). In support of the summons, the Government has submitted the declaration of Susan Leboff, an estate tax attorney employed by the IRS (the "Leboff Declaration").

The Leboff Declaration indicates that the IRS is conducting an audit to determine the proper estate and gift tax liabilities of the estate of the Deceased. The Zere Summons seeks documents pertaining to the value of property belonging to a company known as Adamag Realty Corp., in which the deceased owned, at one time, a 52% interest. The Zere Summons seeks documents concerning, <u>inter alia,</u> proposals or agreements to sell property, and those evidencing a donative intent by the decedent to her children. The Leboff Declaration asserts that certain properties held by the Decedent may have been sold or gifted to companies in which her children were principals shortly before her death, which were later sold. It is asserted that the documents sought will aid in the determination, for estate and gift tax purposes, the value of certain property and the character of the transfer of the property to the Decedent's children. It is the opinion of the IRS that the documents sought will shed light on the amount and nature of any gratuitous transfer that may have occurred when these transfers were made and will aid in the decision as to whether a transfer should be construed as a gift. Finally, the Leboff Declaration states that there

has been no referral to the United States Department of Justice regarding the matters relevant to its estate and gift tax investigation.

Petitioners seek to have the Zere Summons quashed on the grounds, inter alia, that the summons does not state, with reasonable specificity, the documents sought, is overly broad and has been served for an improper purpose.

## Disposition of the Motion

It is well established that the IRS has broad powers to issue summonses to aid in its determination of the proper tax due. 26 U.S.C. §7602(a)(1)(granting power to issue summons to investigate, inter alia, the "liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect to any internal revenue tax"); see United States v. Bisceglia, 420 U.S. 141, 145-46 (1975); Mollison v. United States, 481 F.3d 119, 122 (2d Cir. 2007); PAA Mgmt., Ltd. v United States, 962 F.2d 212, 216 (2d Cir. 1992); Muratore v. Department of the Treasury, 315 F. Supp.2d 305, 307 (S.D.N.Y. 2004). In furtherance of its broad powers, the Government may seek any documents that "may be" relevant to its examination, including those documents that are of "potential" relevance. PPA, 962 F.2d at 216, quoting, United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984).

The criteria for ordering compliance with an IRS summons are familiar, having been established by the United States Supreme Court in United States v. Powell, 379 U.S. 48 (1964). Pursuant to Powell, a summons is to be enforced if: (1) it was issued for a legitimate purpose; (2) it seeks information which may be relevant to that purpose; (3) it seeks information not already in the possession of the government and (4) all administrative steps required by the Internal Revenue Code for issuance and service have been followed. Powell, 379 U.S. at 57-58; see

3

Mollison, 481 F.3d at 122; PAA, 962 F.2d at 215; United States v. Diversified Group, Inc., 2002 WL 31947904 *3 (S.D.N.Y. 2002).

Compliance with the Powell factors establishes the Government's prima facie case and the burden thereafter shifts to the party seeking to quash to show why enforcement is not warranted. Mollison, 481 F.3d at 122-23; Muratore, 315 F. Supp.2d at 307; Diversified, 2002 WL 31947904 *3. The burden to disprove one of the Powell factors or otherwise demonstrate the impropriety of the summons is heavy. Muratore, 315 F. Supp.2d at 307. The issue to be determined by the court is not the taxpayer's liability for taxes due, but whether the summons is issued pursuant to a valid tax determination or collection purpose. Mollison, 481 F.3d at 123; Muratore, 315 F. Supp.2d at 308; Diversified, 2002 WL 31947904 *4.

Upon review of the submissions in this matter, the Court notes that the Leboff Declaration establishes that the summonses were issued to determine the proper estate and tax liability of the Deceased and that there has been no Justice Department referral with respect to this issue. This purpose is authorized by 26 U.S.C. §7602 which includes "determining the liability of any person for any internal revenue tax" so long as there has been no Justice Department referral inquiring into any offense connected with the administration or enforcement of the internal revenue laws. 26 U.S.C. § 7602(d). The second and third Powell factors, i.e., the relevance of the information sought and the fact that the information sought is not already in the possession of the government are also established by the Leboff Declaration. Finally, that declaration establishes that all administrative steps required by the Internal Revenue Code for issuance and service have been followed. In light of the foregoing, the court concludes that the Leboff Declaration establishes the Government's prima facie case. See PAA Mgmt, Ltd. v.

United States, 962 F.2d 212, 219 (2d Cir. 1992) (Powell imposes only a "minimal" burden on the IRS and affidavit of agent is sufficient to establish prima facie case); Diversified, 2002 WL 31947904 *3 (same).

A claim that a summons is issued for an improper purpose requires a showing, for example, that the summons is issued to harass or put pressure on the taxpayer in connection with a collateral matter or other form of bad faith abuse. Mollison, 481 F.3d at 124. Like Plaintiff's prior motions to quash different IRS summonses issued in this investigation, the submission does little, if anything, to counter the Leboff Declaration or support any claim of an improper purpose. While the papers submitted indicate that extensive documentation may have already been supplied to the Government, it does not establish either that the documents sought are in the possession of the Government, the presence of a Justice Department referral or that the Government seeks additional documents for an improper purposes.

## Conclusion

For the foregoing reasons, the court dismisses the petition to quash the summons in case number 06-3449 and orders enforcement. The Clerk of the Court is directed to terminate the motion and close the file in this case.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September 27, 2007
28